## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1 | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>471 Sokokis Avenue, Limington, ME 04049 |
| Mark A. Ames,<br>Jason M Nadeau,<br>Christopher J. Nadeau,<br>Edward L Scott,<br>Steven W. Scott and Marc W. Scott | Mortgage:<br>September 22, 2006<br>Book 14970, Page 176<br>York County Registry of Deeds |
| **Defendants**<br>CitiFinancial, Inc. | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, in which the Defendant, Yvonne M. Hebert, is the obligor and the total amount owed under the terms of the Note is One Hundred Seventy-Nine Thousand Three Hundred Twelve and 84/100 ($179,312.84) Dollars, plus attorney fees and costs associated with the instant action; and the property is assessed at the value of $135,900.00, thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1 is a National Association with its principal place of business and main office located at 101 North Philips Avenue, Sioux Falls, South Dakota and as such is a citizen of South Dakota. *See BRT Management LLC v, Malden Storage LLC,* 2023 WL 357390, (1st Cir. May 22, 2023); and *1900 Capital Trust III by U.S. Bank Trust National Association v. Sidelinger* 2021 WL 864951.

5. The Defendant, Mark A. Ames, is a resident of Limington, County of York and State of Maine and has a potential interest in the property under the intestacy statutes of Maine.

6. The Defendant, Christopher J. Nadeau, is a resident of Haverhill, County of Essex County (Southern District) and State of Massachusetts and has a potential interest in the property under the intestacy statutes of Maine.

7. The Defendant, Jason M Nadeau, is a resident of Limington, County of York and State of Maine and has a potential interest in the property under the intestacy statutes of Maine.

8. The Defendant, Edward L Scott, is a resident of Stoughton, County of Norfolk County and State of Massachusetts and has a potential interest in the property under the intestacy statutes of Maine.

9. The Defendant, Marc W. Scott, is a resident of Limintgon, County of York and State of Maine and has a potential interest in the property under the intestacy statutes of Maine.

10. The Defendant, Steven W. Scott, is a resident of Limington, County of York and State of Maine and has a potential interest in the property under the intestacy statutes of Maine.

11. The Party-in-Interest, Citifinancial, is located at c/o CT Corporation System, 128 State Street, #3, Augusta, ME 04330.

## FACTS

12. On April 5, 1988, by virtue of a Warranty Deed from Rosalie J. Thurston aka Rosalie J. Harmon, which is recorded in the York County Registry of Deeds in **Book 4659, Page 273**, the property situated at 471 Sokokis Avenue, City/Town of Limington, County of York, and State of Maine, was conveyed to Yvonne M. Hebert, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

13. On September 22, 2006, Yvonne M. Hebert, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note under seal in the amount of $85,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

14. To secure said Note, on September 22, 2006, Yvonne M. Hebert, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc., securing the property located at 471 Sokokis Avenue, Limington, ME 04049 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14970**, **Page 176**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

15. Upon information and belief, Yvonne M. Hebert died on July 11, 2011 and her estate was not probated within the timeline required under Maine law..

16. The Mortgage was then assigned to Wells Fargo Bank, N.A., as Trustee on behalf of SASCO 2007-MLN1 Trust Fund by virtue of an Assignment of Mortgage dated December 31, 2013 and recorded in the York County Registry of Deeds in **Book 16764**, **Page 437**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-through Certificates Series 2007-MLN1 by virtue of an Assignment of Mortgage dated March 16, 2017 and recorded in the York County Registry of Deeds in **Book 17444**, **Page 767**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was further assigned to Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1 by virtue of a Quitclaim Assignment dated October 5, 2022 and recorded in the York County Registry of Deeds in **Book 19129**, **Page 842**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

19. On January 12, 2023, the Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, were sent a Notice of

Mortgagor's Right to Cure, (with no personal liability) as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, who have no personal liability for this debt, of the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

21. The Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, is the lawful holder and owner of the Note and Mortgage.

24. The Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

25. CitiFinancial, Inc. is a Party-in-Interest pursuant to a Mortgage in the amount of $18,013.38 dated August 29, 2008, and recorded in the York County Registry of Deeds in **Book 15483**, **Page 76** and is in second position behind Plaintiff's Mortgage.

26. The total debt owed under the Note and Mortgage as of May 11, 2023 is One Hundred Seventy-Nine Thousand Three Hundred Twelve and 84/100 ($179,312.84) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $79,795.15 |
| Interest | $63,223.92 |
| Unpaid Late Charges | $164.15 |
| Total Advances | $5,215.23 |
| Escrow Advance | $31,129.52 |
| Unapplied Funds | $-224.68 |
| Interest on Advances | $9.55 |
| Grand Total | $179,312.84 |

27. Upon information and belief, the Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, are not presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

28. The Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 471 Sokokis Avenue, Limington, County of York, and State of Maine. *See* Exhibit A.

30. The Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, is the holder of the Note referenced in Paragraph 13 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

31. The Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, are presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note but the Defendants have no personal liability in this matter and the Plaintiff only seeks an in rem judgment against the subject property.

33. The total debt owed under the Note and Mortgage as of May 11, 2023 is One Hundred Seventy-Nine Thousand Three Hundred Twelve and 84/100 ($179,312.84) Dollars.

34. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate. **This action <u>does not</u> seek any personal liability on the part of the Defendants Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, but only seeks *in rem* judgment on the property.**

36. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, on January 12, 2023, evidenced by the Certificate of Mailing. *See* Exhibit G.

37. The Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, are not in the Military as evidenced by the attached Exhibit H.

38. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322; this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, upon the expiration of the period of redemption;

c) Determine the priority of any junior lienholders;

d) Find that the Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, are in breach of the Mortgage by failing to make payment due as of April 1, 2013, and all subsequent payments;

e) Find that the Plaintiff, Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1, is entitled to enforce the terms and conditions of the Note and Mortgage;

f) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

g) Find that while the Defendants, Mark A. Ames, Jason M Nadeau, Christopher J. Nadeau, Edward L Scott, Steven W. Scott and Marc W. Scott, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 471 Sokokis Avenue Limington, ME 04049;

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1,
By its attorneys,

Dated: June 7, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC

100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com